

**The relief described hereinbelow is SO ORDERED.**

**Signed October 16, 2023.**

_____
**CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| PACKET CONSTRUCTION LLC | § | |
| | § | |
| | § | |
| DEBTOR | § | BANKRUPTCY CASE NO. 23-10860 |

**<u>INTERIM ORDER ON AUTHORITY TO USE CASH COLLATERAL</u>**
**<u>(Docket No. 5)</u>**

After a hearing on October 16, 2023, the Court, having reviewed the pleading finds that a need exists to order the relief herein on an interim basis and that it is in the best interest of the Debtor, the Debtor's estate, and Debtor's creditors to authorize the use of cash collateral. Use of cash collateral is the only means available to the Debtor to finance its operation and immediate and irreparable harm will result if Debtor is not permitted to use the cash collateral in the amounts set forth in the budget. It is ORDERED that the motion is granted as set forth herein,

**ORDERED** that the Debtor is authorized to use the cash collateral for expenses set forth on Exhibit "A" and any other unforeseeable expenses that may arise and pose a threat to the Debtor's continued operations. Debtor has the authority to use the cash collateral to pay up to 110% of each

individual expense in Exhibit "A", attached to this Order so long as the total of cash collateral spent during the month does not exceed 5% of the total budget and Debtor maintains the cash collateral in the same level that existed prepetition and not allow cash collateral to diminish. It is

**FURTHER ORDERED** that all creditors set forth in the UCC list attached as Exhibit "B" to Debtor's Motion (Docket No. 5) reserve all of their rights including, but not limited to, seeking a determination of whether any receipts allegedly purchased pre-petition or any other financing is property of the estate. The Debtor reserves the right to dispute any allegedly secured nature those claims. It is

**FURTHER ORDERED** that as adequate protection for the use of Cash Collateral, the creditors listed on Exhibit "B" of the motion are hereby granted replacement liens (the "Replacement Liens") on all post-petition cash collateral and post-petition acquired property to the same extent and priority they possessed as of the Petition Date without the necessity of the execution, recording or filing of mortgages, security agreements, pledge agreements, financing statements, deposit control agreements, or other documents; It is

**FURTHER ORDERED** that notwithstanding any limitations included in this Order, this Order is without prejudice to: (a) any subsequent request by a creditor of the Debtor for modified adequate protection or restriction on cash collateral; (b) a creditor's right to object to impermissible use of cash collateral; and (c) any other right or remedy which may be available to a creditor of the Debtor. It is

**FURTHER ORDERED** that nothing in this Order shall in any way constitute: (a) a finding of complete adequate protection of the interests of any creditor of Debtor or the lack thereof; (b) an agreement, consent, or acquiescence to the terms of any plan of reorganization by virtue of any term or provision of this order; (d) a preclusion or waiver to assert any other rights, remedies, or defenses available to any creditor of the Debtor to respond to any motion, application,

proposal, or other action, all such rights, remedies, defenses, and opportunities to respond being specifically reserved by the Debtor's creditors; or (e) a preclusion, waiver, or modification of any rights or remedies that the Debtor's creditors have under applicable law. Nothing herein contained shall prejudice the right of the Debtor's creditors to seek modification, extension, or termination of this Order. It is

**FURTHER ORDERED** that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry. It is

**FURTHER ORDERED** that any and all accounts, including bank accounts and payment processing accounts of the Debtor that are currently being frozen must immediately be released and unfrozen upon entry of this order to permit use of cash collateral. Any funds held in these accounts must be released to the Debtor. It is

**FURTHER ORDERED** The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Order. It is

**FURTHER ORDERED** that a final hearing will be held on Monday, October 30, 2023 at 9:30 A.M.. to determine if this Order should be continued, modified, or terminated. This hearing will be conducted remotely via Webex at us-courts.webex.com/meet/Bradley.

# # #

**14-DAY AND 30-DAY BUDGET**

| INCOME | DAYS 1-14 | DAYS 15-30 | 30 DAY TOTALS |
|---|---|---|---|
| **Opening Cash:** | **$9,180.76** | **$55,228.76** | |
| **Projected Cash Receipts:** | **$562,998.00** | **$548,250.00** | **$1,111,248.00** |
| EMPLOYEE PAYROLL | $135,000.00 | $135,000.00 | $270,000.00 |
| PAYROLL TAXES | $10,000.00 | $10,000.00 | $20,000.00 |
| Office Lease/Buiding Payment | $2,000.00 | $2,000.00 | $4,000.00 |
| UTILITIES (Phone & Power) | $750.00 | $750.00 | $1,500.00 |
| Job Supplies (concrete, rebar, rock) | $300,000.00 | $350,000.00 | $650,000.00 |
| Fleet Cost (maintenance, fuel, etc) | $20,000.00 | $20,000.00 | $40,000.00 |
| EQUIPMENT RENTAL/LEASES | $40,000.00 | $40,000.00 | $80,000.00 |
| Insurance | $6,000.00 | $6,000.00 | $12,000.00 |
| Software License | $200.00 | $0.00 | $200.00 |
| ATTORNEY FEES | $1,500.00 | $1,500.00 | $3,000.00 |
| SUBCHAPTER V TRUSTEE | $1,500.00 | $0.00 | $1,500.00 |
| **TOTAL PROJECTED CASH DISBURSEMENTS** | **$516,950.00** | **$565,250.00** | **$1,082,200.00** |
| **CASH ON HAND AFTER DISBURSEMENTS** | **$55,228.76** | **$38,228.76** | **$38,228.76** |

EXHIBIT A